IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| NEVIDA CYPRESS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00125-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Nevida Cypress, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

On November 18, 2014, the Court held oral argument at Plaintiff's request. Mr. Greg Wallace, Esq., appeared by telephone for Ms. Cypress. Special Assistant United States Attorney Angelina S. Reese appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that

supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff argues that the ALJ erroneously assessed she could perform light work. (Doc. No. 11 at 20-26.) Specifically, she says the ALJ failed to consider the need for prolonged standing when concluding she could perform light work. (*Id.*)

Plaintiff clearly suffers from both physical and mental limitations. And she has provided numerous medical records in this case. But a close review of the record reveals that the ALJ weighed the numerous medical reports and opinions and his conclusion is based on sound rationale.

The ALJ's determination is supported by the evaluation performed by Bernard Crowell, M.D., Ph.D, as well as the Physical Residual Functional Capacity Assessment performed by Jonathan Norcross, M.D. (Tr. 563-570.) While the Court realizes Dr. Norcross's assessment was performed solely by reviewing the medical evidence, he provided a thoughtful analysis of Plaintiff's abilities. (Tr. 570.) Additionally, Plaintiff's diagnostic tests (Tr. 400, 544, 743, 833) support these doctors' conclusions - and ultimately the ALJ's determination. Without question, Plaintiff is limited to some degree by her pain. However, the ALJ fully considered this when exploring with the vocational expert jobs Plaintiff could perform given her impairments. (Tr. 49.)

Plaintiff also challenges the ALJ's assessment given the effects of her carpal tunnel syndrome. (Doc. No. 11 at 27-29.) Plaintiff's counsel makes a compelling argument. However,

after carefully considering the medical evidence and the jobs identified by the ALJ, the Court concludes this point fails to merit reversal. The ALJ considered Plaintiff's manipulating limitations (Tr. 21) and the record supports a conclusion that Plaintiff can perform the job as housekeeper or cafeteria attendant. (Tr. 24-25, 50.)

With regard to Plaintiff's mental impairments (Pl.'s Br. 29-30), the Court has reviewed the Psychological Evaluation (Tr. 501-05) performed by Mary Ellen Ziolko, Ph.D., and the Mental Residual Functional Capacity Assessments (Tr. 545-56) by Kay Cogbill, M.D. The ALJ's assessment was proper.

Plaintiff has advanced evidence and argument that supports her claims. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 21st day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE